

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00142-CR
_____

DEANTE SHELLEY WILSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2128390

Before Morriss, C.J., Burgess and Stevens, JJ.

ORDER

Deante Shelley Wilson filed a pro se notice of appeal from a judgment of conviction entered by the 8th Judicial District Court of Hopkins County. The court reporter requests an extension of time in which to file the record in this appeal, stating that Wilson has made no claim of indigence, has not been found to be indigent, and has not paid for or arranged to pay for the preparation of the record in this case.

Wilson submitted an indigence worksheet in the trial court that plainly indicated he was indigent. Despite that fact, the clerk's record indicates that Wilson did not request the appointment of counsel to represent him at trial. Although the judgment of conviction indicates that Wilson represented himself at trial, the record indicates that Wilson refused to sign a waiver of the right to counsel.

In light of these circumstances, we abate this case to the trial court so that it may conduct whatever hearings are necessary to make the following determinations: (1) whether Wilson still desires to prosecute this appeal and, if so, (2) whether Wilson is indigent and entitled to a free record and the appointment of counsel to represent him on appeal. If the trial court determines that Wilson is indigent and Wilson indicates a desire to represent himself on appeal, then the trial court must:

1.  Admonish Wilson of the pitfalls of engaging in the appellate process without the assistance of counsel[1] and

---

[1] *See Iowa v. Tovar*, 541 U.S. 77, 89 (2004) (discussing the general admonishments a defendant must receive before being allowed to proceed pro se at trial); *see also Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988) (noting that, when considering self-representation on appeal, the record must also show that the appellant fully understands the practical disadvantages of self-representation, including the fact that he will not be granted any special considerations regarding or relief from the technicalities of the Texas Rules of Appellate Procedure solely because he elects to appear pro se).

2. determine and enter findings on whether, after being admonished, Wilson still desires to represent himself on appeal.

3. If Wilson still desires to represent himself on appeal after having been admonished,

    a. the trial court should determine and enter findings on whether Wilson's decision to represent himself on appeal is a knowing, intelligent, and voluntary decision, *see Faretta v. California*, 422 U.S. 806, 835 (1975); *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987), and

    b. the trial court should determine and enter findings on whether allowing Wilson to represent himself on appeal is in his best interest, in the State's best interest, and in furtherance of the proper administration of justice, *see Ex parte Ainsworth*, Nos. 07-15-00091-CR, 07-15-00106-CR, 06-07-00107-CR, 2015 WL 4389019, at *1 (Tex. App.—Amarillo July 15, 2015, order) (per curiam) (not designated for publication); *see Bibbs v. State*, No. 07-10-00300-CR, 2011 WL 5026903, at *1 (Tex. App.—Amarillo Oct. 21, 2011, order) (per curiam) (not designated for publication); *Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (per curiam).

4. The trial court should enter any additional findings it might deem useful to this Court in determining the issue of whether Wilson should be permitted to represent himself in this appeal.

If the trial court determines that Wilson does not wish to represent himself on appeal, then the trial court shall appoint counsel to represent Wilson. If the trial court determines that allowing Wilson to represent himself on appeal is not in his best interest, is not in the State's best interest, and/or is not in furtherance of the proper administration of justice, the trial court shall appoint counsel to represent Wilson. The court shall issue findings and recommendations detailing its determinations on these issues.

If the trial court recommends that we permit Wilson to represent himself on appeal, then this Court will review that recommendation and issue further orders on reinstatement of the appeal.

The hearing in the trial court shall take place within twenty days of the date of this order. The reporter's record of the hearing contemplated by this order shall be filed, without cost to Wilson, within twenty days of the date of the hearing. *See generally* TEX. R. APP. P. 38.8(b)(3). Any written findings shall be entered on the record and filed in the form of a supplemental clerk's record within twenty days of the date of the hearing. *See id.*

All appellate timetables are stayed and will resume on our receipt of the supplemental appellate record, at which time we will establish a deadline—if necessary—for the filing of the reporter's record.

IT IS SO ORDERED.

BY THE COURT

Date: January 20, 2022

4